# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| **ORTHODOX CHURCH IN AMERICA**, *et al.*,<br>*Plaintiffs*,<br>v.<br>**ROBERT FERGUSON**, *et al.*,<br>*Defendants*. | Civil Case No.: 2:25-cv-01537-DGE<br><br>**PLAINTIFFS' MOTION TO CONSOLIDATE AND EXPEDITE CONSIDERATION OF MOTION TO CONSOLIDATE**<br><br>NOTE ON MOTION CALENDAR: AUGUST 14, 2025 |

Plaintiffs move to consolidate for all purposes this First and Fourteenth Amendment challenge to SB 5375 with the First and Fourteenth Amendment challenge to SB 5375 *Etienne v. Ferguson*, No. 3:25-cv-05461-DGE. *See* Fed. R. Civ. P. 42(a); W.D. Wash. Local Civ. R. 42(a). Both cases name the same defendants. Both sets of plaintiffs have materially similar religious beliefs. Both cases remain at the preliminary stage. This Court is already familiar with the merits of the *Etienne* case and has recognized these two cases as related. And consolidation would streamline any appeal of the preliminary injunction order. Judicial convenience thus outweighs any potential for delay, confusion, or prejudice caused by consolidation—of which there likely won't be any with consolidation at this early stage. Because the appeal deadline for the *Etienne* order is August 18, Plaintiffs

1  also move the Court to expedite its decision and decide this motion as soon as
2  possible.
3        Plaintiffs conferred with all active parties about this request to consolidate.
4  *See* W.D. Wash. Local Civ. R. 42(b). Defendants Ferguson and Brown consent to
5  consolidation and expedition. The intervenor-plaintiff United States does not
6  oppose consolidation. The case is stayed as to all county prosecutor defendants. *See*
7  Doc. 175. Only the *Etienne* Catholic bishop and priest plaintiffs oppose
8  consolidation.

## LEGAL STANDARD

10        The Court can "consolidate" actions that "involve a common question of law
11  or fact." Fed. R. Civ. P. 42(a); *see In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th
12  Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court….").
13  Consolidation "avoid[s] unnecessary cost and delay." *Apr. in Paris v. Becerra*, 494 F.
14  Supp. 3d 756, 771 (E.D. Cal. 2020). "To determine whether to consolidate, a court
15  weighs the interest of judicial convenience against the potential for delay, confusion,
16  and prejudice caused by consolidation." *Id.* at 771–72 (citation modified). Courts
17  generally apply a "good cause" standard to requests to expedite. *See, e.g., Hooks v.*
18  *Starbucks Corp.*, No. 2:23-CV-01000-LK, 2023 WL 7114647, at *3 (W.D. Wash. Oct.
19  27, 2023).

## BACKGROUND

21  **I.   Plaintiffs sue to enjoin SB 5375.**
22        On June 16, 2025, Plaintiff Orthodox Churches and one of their priests filed
23  this case in the Eastern District of Washington against Defendants Ferguson and
24  Brown and all county prosecutors in Washington. *See* Doc. 1. Plaintiffs bring free
25  exercise, church autonomy, equal protection, free speech, and due process claims
26  related to their religious beliefs about the Sacrament of Confession against

Washington SB 5375. *Id.* at 45–56. Plaintiffs' priests and Plaintiff Wilkinson have a religious obligation to keep information disclosed to them during the Sacrament of Confession strictly confidential. *Id.* ¶ 69. Yet SB 5375 requires them to disclose exactly such information. *Id.* ¶ 105. On June 20, Plaintiffs filed a motion for preliminary injunction against SB 5375 on their free exercise, church autonomy, and equal protection claims. *See* Doc. 20.

## II. Catholic bishops and priests also sue to enjoin SB 5375, and this Court enters a preliminary injunction.

In this Court, Catholic bishops and priests also filed suit against Defendants Ferguson, Brown, and all county prosecutors to challenge SB 5375. *See Etienne v. Ferguson*, No. 3:25-CV-05461-DGE, 2025 WL 2022101, at *3 (W.D. Wash. July 18, 2025). The *Etienne* plaintiffs moved for a preliminary injunction based on their free exercise, church autonomy, and Establishment Clause claims. *Id.* The *Etienne* plaintiffs' religious beliefs on the Sacrament of Confession are materially similar to those of Plaintiffs. *Compare id.* at *2–3, *with* Doc. 1 ¶¶ 58–81. On July 18, this Court granted the motion for preliminary injunction on the free exercise claim. *See Etienne*, 2025 WL 2022101, at *1.

## III. The Eastern District of Washington enters a preliminary injunction and transfers this case to this Court.

Based on this Court's ruling entering a preliminary injunction, Plaintiffs and Defendants Ferguson and Brown stipulated to entry of a preliminary injunction. *See* Doc. 172. The Eastern District granted that stipulation and also granted Plaintiffs' motion for preliminary injunction. Doc. 176 at 2. To conserve the Court's and parties' resources and to "streamlin[e] any appeal of the *Etienne* preliminary injunction order," Plaintiffs and Defendants Ferguson and Brown then filed a joint motion to transfer the case to this Court, which the Eastern District granted. Doc. 177 at 4; Doc. 180.

## ARGUMENT

Good cause exists for deciding the motion to consolidate on an expedited basis. The deadline for Defendants to appeal the *Etienne* order expires on August 18. Plaintiffs have moved expeditiously to transfer their case from the Eastern District to the Western District. Consolidation will help streamline any appeal of the *Etienne* order and allow Plaintiffs to defend their rights on appeal. And the Court has the power to *sua sponte* consolidate cases. *See In re Adams Apple, Inc.*, 829 F.2d at 1487 ("[T]rial courts may consolidate cases *sua sponte*.").

This case and *Etienne* involve common questions of both law and fact. Both cases challenge the same law and name the exact same defendants. *See Apr. in Paris*, 494 F. Supp. 3d at 772 (consolidating two cases that challenged the same California law). Both cases bring First and Fourteenth Amendment challenges to the law. Slightly different legal claims do not weigh against consolidation. *See Griffey v. Magellan Health Inc.*, No. CV-20-01282-PHX-MTL, 2020 WL 5981904, at *2 (D. Ariz. Oct. 8, 2020) (granting consolidation even with "two additional claims" raised by one set of plaintiffs). And both sets of plaintiffs have materially similar religious beliefs about the Sacrament of Confession. *See Paxonet Commc'ns, Inc. v. TranSwitch Corp.*, 303 F. Supp. 2d 1027, 1029 (N.D. Cal. 2003) (granting consolidation when "[e]ach lawsuit will require a jury to understand the same underlying technology ….").

Consolidation will increase judicial convenience with no likelihood of delay, confusion, or prejudice. "Both cases are at the initial stages of litigation," so "[c]onsolidation will have the effect of conserving time and effort and will avoid causing the parties to incur unnecessary expenses in trying two separate lawsuits." *Griffey*, 2020 WL 5981904, at *2. Consolidation at this early stage "promot[es] efficiency and sav[es] time for purposes of pretrial discovery and motion practice." *In re Oreck Corp. Halo Vacuum & Air Purifiers Mktg. & Sales Pracs. Litig.*, 282

1  F.R.D. 486, 490 (C.D. Cal. 2012). This Court is already familiar with the *Etienne*
2  case and has issued a preliminary decision on the merits. *See Raines v. Lehigh*
3  *Hanson Servs. LLC*, 2024 WL 99678, at *1 (E.D. Cal. Jan. 9, 2024) ("[T]he
4  assignment of these matters to the same District Judge and Magistrate Judge is
5  likely to effect of substantial savings of judicial effort and is likely to be convenient
6  for the parties."). Consolidation would also streamline any appeal of the preliminary
7  injunction order. Defendants stipulated to the entry of a preliminary injunction
8  against Plaintiffs based on the *Etienne* order. Any appeal of that order would likely
9  affect Plaintiffs' rights, so Plaintiffs must be able to participate in that appeal.
10 Finally, consolidation won't prejudice any party. *See Griffey*, 2020 WL 5981904, at
11 *2; *Howse v. Chiquita Canyon, LLC*, 757 F. Supp. 3d 1049, 1066–67 (C.D. Cal. 2024)
12 (granting motion to consolidate over one set of plaintiffs' objection). So far, "both
13 cases have moved forward on parallel tracks." *Apr. in Paris*, 494 F. Supp. 3d at 772.
14 Consolidation will further "judicial convenience" and "outweigh the potential for
15 delay, confusion and any prejudice." *Id.*

## CONCLUSION

17     This Court should grant Plaintiffs' motion and consolidate this case with
18 *Etienne* for all purposes.

I certify that this memorandum contains 1,232 words, in compliance with the Local Civil Rules.

Respectfully submitted this 14th day of August 2025,

*Counsel for Plaintiffs*

*/s/ Katherine Anderson*
Kristen K. Waggoner
WA Bar No.27790
AZ Bar No. 32382
Katherine Anderson
WA Bar No. 41707
AZ Bar No. 29490
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
kanderson@ADFlegal.org

Plaintiffs' Motion to Consoldiate and Expedite     6     ALLIANCE DEFENDING FREEDOM
15100 N. 90th St. Scottsdale, AZ 85260
T: (480)-444-0020

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2025, I electronically filed the foregoing using the CM/ECF system which will send notification of such filing to all counsel of record who are registered users of the ECF system.

I also certify that I will serve via email on this date a file-stamped copy of this motion on Counsel for the plaintiffs in *Etienne v. Ferguson*, No. 3:25-cv-05461-DGE as follows:

| | |
|---|---|
| Matthew T. Martens | William J. Crowley |
| Donna Farag | CROWLEY LAW OFFICES |
| Zachary Halpern | will@crowleylawoffices.com |
| Leah M. Fugere | |
| Robert Kingsley Smith | |
| WILMER CUTLER PICKERING HALE AND DORR LLP | |
| matthew.martens@wilmerhale.com | |
| donna.farag@wilmerhale.com | |
| zac.halpern@wilmerhale.com | |
| leah.fugere@wilmerhale.com | |
| robert.smith@wilmerhale.com | |
| | |
| Mark L. Rienzi | Hiram S. Sasser, III |
| Eric C. Rassbach | Jeremy Dys |
| William J. Haun | Chris Motz |
| Laura Wolk Slavis | FIRST LIBERTY INSTITUTE |
| BECKET FUND FOR RELIGIOUS LIBERTY | hsasser@firstliberty.org |
| mrienzi@becketfund.org | jdys@firstliberty.org |
| erassbach@becketfund.org | cmotz@firstlibery.org |
| whaun@becketfund.org | |
| lslavis@beckfund.org | |

Dated: August 14, 2025             s/ *Katherine Anderson*
                                            Katherine Anderson

                                            *Counsel for Plaintiffs*